United States District Court
Southern District of Texas
**ENTERED**
June 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HNJ Enterprises, LLC, § § § *Plaintiff,* § § § Case No. 4:21-cv-02579 v. § § AmGUARD Insurance Company, § § *Defendant.* § § § | |

## MEMORANDUM AND RECOMMENDATION

This is an insurance dispute. After removing the suit to this Court, Dkt. 1, Defendant AmGUARD Insurance Company ("AmGUARD") filed a motion for partial dismissal under Fed. R. Civ. P. 12(b)(6) of certain claims asserted by Plaintiff HNJ Enterprises, LLC ("HNJ").[1] Dkt. 8. According to the motion, HNJ's allegations supporting its extra-contractual claims for breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance

---

[1] Although styled as a Rule 12(b)(6) motion, AmGUARD's motion should be treated as a Rule 12(c) motion for judgment on the pleadings. This is because AmGUARD filed an answer in state court, Dkt. 1-1 at 22 of pdf, thereby making its subsequent Rule 12(b)(6) motion untimely. *See Mendez v. Wells Fargo Bank, N.A.*, 2013 WL 1352180, at *1 (S.D. Tex. Apr. 2, 2013). Nonetheless, the Court opts to convert AmGUARD's Rule 12(b)(6) motion into a Rule 12(c) motion because the legal standards are identical. *See id.* (treating conversion as "merely a technicality").

Code are too conclusory to satisfy federal pleading standards. *See* Dkt. 8 at 4-8. AmGUARD further asserts that HNJ's claims for waiver and estoppel are barred as a matter of Texas law. *Id.* at 8.

In response, HNJ affirmatively abandoned its claims for waiver and estoppel—thereby conceding that those claims should be dismissed. Dkt. 9 ¶ 19. As for its other extra-contractual claims, HNJ attempts to defend the adequacy of its pleading, but alternatively requests leave to amend. *See* Dkt. 9 ¶¶ 11-18, 21-22. AmGUARD did not file a reply. Subsequently, this case was referred to the undersigned judge. Dkt. 10.

As a starting point, the adequacy of HNJ's allegations must be adjudged under federal—and not state—pleading standards. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200, 204 (5th Cir. 2016). Federal rules require a plaintiff to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Moreover, all claims premised on alleged misrepresentations, including under the DTPA and Texas Insurance Code, are subject to the heighted pleading standards of Rule 9(b). *See Armijo v. Allstate Tex. Lloyds*, 2018 WL

11358473, at *2 (S.D. Tex. Apr. 17, 2018) (rejecting "conclusory allegations of misrepresentation under the Texas Insurance Code and the DTPA" that did nothing more than "track or paraphrase the statutory language itself, which is insufficient to satisfy the heightened pleading requirements of Rule 9(b)"). This requires a plaintiff to provide "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he acquired thereby." *Id.* at *1 (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.), *modified on other grounds on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003)). And, as a legal matter, Texas law holds that "post-loss statements regarding [insurance] coverage are not misrepresentations under the Insurance Code" or DTPA. *Gooden v. State Farm Lloyds*, 2021 WL 7906860, at *3 (N.D. Tex. May 11, 2021) (collecting authorities).

When a pleading is deficient, however, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend is not automatic, "[a] district court must possess a substantial reason to deny a request for leave to amend ...." *Id.* (internal quotation marks omitted). Justifications for denying leave to amend include "undue delay, bad faith or dilatory motive ..., repeated failures to cure

3

deficiencies, undue prejudice to the opposing party, or futility…." *See United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Here, the Court agrees with AmGUARD that HNJ's pleading of its extra-contractual claims fall well short of satisfying the governing federal pleading standards. But because this suit began in Texas state court, HNJ was not required to comply with those standards at the time its pleading was filed.

AmGUARD has proffered no arguments against permitting leave to amend—except, implicitly, through its legal challenge to the availability of waiver and estoppel claims that HNJ has agreed to drop. Dkt. 8 at 8; Dkt. 9 ¶ 19. Thus, the Court concludes that amendment of the remaining extra-contractual claims should be allowed in the interests of justice. HNJ is advised that its amendment must provide enough factual detail to state plausible claims; conclusory or formulaic allegations are insufficient. *See, e.g.*, *Sanchez v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 5636695, at *6 (S.D. Tex. Dec. 1, 2021) (rejecting conclusory pleading of Texas Insurance Code claims); *Armijo*, 2018 WL 11358473, at *2 (tracking statutory language failed to state plausible claims for violations of the Texas Insurance Code and DTPA); *Richards v. Allstate Indem. Co.*, 2017 WL 3274470, at *6 (W.D. Tex. May 31, 2017) (rejecting general recitations of statutory language in Texas Insurance Code).

## Recommendation and Order

It is therefore **RECOMMENDED** that Defendant AmGUARD Insurance Company's motion for partial dismissal (Dkt. 8) be **GRANTED IN PART** and **DENIED IN PART**, that Plaintiff HNJ Enterprises, LLC's claims for waiver and estoppel should be **DISMISSED** by agreement, and that AmGUARD's challenges to HNJ's other extra-contractual claims be **DENIED**.

It is further **ORDERED**, in the interests of justice, that HNJ be **GRANTED** leave to amend its pleading, within thirty days, to comply with federal pleading standards detailed above. AmGUARD must then file a timely responsive pleading.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 30, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge